IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 11 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **William Foster,** Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § | Civil Action No. **B-02-196** |
| vs. | § § | |
| **Check Alert Systems, Inc.** | § § | Jury Demanded |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff William Foster ("Plaintiff") complains of Check Alert Systems, Inc., ("Defendant"), by way of a class action, and shows the Court the following:

**Introduction**

1. This is an individual and class action for damages and injunctive relief for Check Alert Systems, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. Sectn. 1692 *et seq.* ("FDCPA") and the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 ("Texas Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. William Foster brings this class action on behalf of himself and on behalf of all other consumers who are similarly situated, seeking declaratory relief, money damages, restitution, and a preliminary and permanent injunction forcing Check Alert Systems, Inc. to stop its illegal practices.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367(a).

4. Venue is proper in the Southern District of Texas, Brownsville Division, under 28 U.S.C. Section 1391(b)(2) and (c) in that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas. Specifically, Check Alert Systems, Inc. conducted collection efforts in Brownsville, Texas by sending a debt collection letter to William Foster's residence located in Brownsville, Texas.

## Parties

5. William Foster is an individual residing in Brownsville, Cameron County, Texas. William Foster and each of the other members of the class are "consumers" as defined in FDCPA and the Texas Act.

6. Check Alert Systems, Inc. is an out-of-state corporation engaged in the business of collecting debts in this judicial district and elsewhere in the state and nation, and may be served with process by serving its President, Daire Rendon at 7597 Mackinaw Trail, Suite C in Cadillac, Michigan 49601. Check Alert Systems, Inc. is a "debt collector" as defined by FDCPA and the Texas Act.

## Class Action Allegations

7. William Foster sues on his own behalf and, as class representative, sues on behalf of (1) Class 1–all consumers in the United States who have been the victims of the illegal acts of Defendant that violated the FDCPA, beginning one year prior to the date this Complaint is filed, and (2) Class 2–all consumers residing in Texas who have been victims of the illegal acts of Defendant that

violated the Texas Act, beginning two years prior to the date this Complaint is filed. Class 2 consumers who were the victims of Defendant's acts beginning one year prior to the date this Complaint is filed are also members of Class 1.

8. William Foster brings this lawsuit as a class action because, on information and belief (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) his claims are typical of the claims of the class, and (4) he can and will fairly and adequately protect the interests of the class. Questions of whether, and to what extent, Defendant engaged in the practices described herein, whether it did so intentionally or knowingly, and whether it thereby violated the law will be common to all members of the class.

9. The questions of law and fact common to the members of the class predominate over questions affecting only individual members. The prosecution of individual actions by or against class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant.

10. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. It is appropriate to maintain this lawsuit as a class action because Defendant acted on grounds generally applicable to the class, thereby making both preliminary and final injunctive and declaratory relief appropriate with respect to the class as a whole.

11. William Foster's claims are typical of the claims of the class as a whole. He can and will fairly and adequately protect the interests of the class, because he has retained experienced counsel to represent the class, he has no conflict of interest with the class, and he brings this lawsuit specifically for the protection of the consumers who have been and will be defrauded by these practices, and not solely to recover his personal damages.

### Acts of Agents

12. Whenever in this Complaint it is alleged that Defendant did any act, it is meant that Defendant performed or participated in the act, or the officers, agents, or employees of Defendant performed or participated in the act on behalf of and under the actual, vicarious, or apparent authority of Defendant.

### Conditions Precedent

13. All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

### Facts

14. In collecting debts, Check Alert Systems, Inc. engaged in a variety of illegal acts and practices in collecting debts, using letters similar to one dated May 24, 2002, that it sent to William Foster. The illegal acts and practices made in that letter included the following:

   a. Check Alert Systems, Inc. represented that if William Foster did not contact it to resolve the matter, it would take further legal action to collect a debt when, on information and belief, it did not plan to do so and did not in fact do so.

   b. Check Alert Systems, Inc. represented that under State Law, it could commence criminal charges against the debtor, when on information and belief, it did not plan to do so and did not in fact do so.

### First Cause of Action
### Request for Declaratory Relief

15. Plaintiff seeks a declaratory judgment from this Court pursuant to 28 U.S.C. Sections 2201 and 2202, declaring that Check Alert Systems, Inc. regularly engages in the practices described

herein and that these practices violate the FDCPA and the Texas Act.

## Second Cause of Action

### Request for Relief Pursuant to FDCPA for Class 1

16. By the actions set forth above, Check Alert Systems, Inc. violated the FDCPA as to the members of Class 1.

17. As a result of its violations of the FDCPA, Check Alert Systems, Inc. is liable to Plaintiff for his actual damages, statutory damages, and costs and reasonable attorneys' fees. The conduct of Check Alert Systems, Inc. described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Check Alert Systems, Inc. additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

18. On behalf of himself and each class member, Plaintiff seeks an order of the Court directing Check Alert Systems, Inc. to pay actual damages to all class members consisting of all money obtained by Check Alert Systems, Inc. through the threat of any illegal acts in violation of FDCPA.

19. In addition, Plaintiff seeks on behalf of all other class members, without regard to minimum individual recovery, an award in the amount of the lesser of $500,000.00 or 1% of the net worth of Check Alert Systems, Inc., and reasonable attorneys' fees.

## Third Cause of Action

### Request Relief Pursuant to the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act for Class 2

20. By the actions set forth above, Check Alert Systems, Inc. violated the Texas Act as to the members of Class 2. A violation of the Texas Act is also a violation of the Texas Deceptive Trade Practices Act, and Plaintiff seeks recovery under that act as well.

21. In addition, Check Alert Systems, Inc. did not maintain a surety bond as required by Section 392.101 of the Texas Finance Code. By this action, Check Alert Systems, Inc. violated the Texas Act as to members of Class 2.

22. As a result of its violations of the Texas Act, Check Alert Systems, Inc. is liable to Plaintiff for his actual damages, disgorgement of any monies paid to Check Alert Systems, Inc., statutory damages, and costs and reasonable attorneys' fees. The conduct of Check Alert Systems, Inc. as described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Check Alert Systems, Inc. additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

23. On behalf of himself and each class member, Plaintiff seeks an order of the Court directing Check Alert Systems, Inc. to restore to all class members all money obtained by Check Alert Systems, Inc. through the threat of any other illegal acts in violation of the Texas Act and the Texas Deceptive Trade Practices Act.

### Demand for Jury Trial

24. Please take notice that Plaintiff demands trial by jury in this action.

### Prayer

THEREFORE, Plaintiff respectfully prays that this Court:

1. Upon notice and hearing, but at the earliest practicable date, certify this action as a class action.

2. Upon final trial of this cause, enter a Declaratory Judgment declaring that the practices complained of herein are illegal and a Permanent Injunction enjoining Check Alert Systems, Inc. from engaging in the illegal practices set forth herein.

3. Upon final trial of this cause, award Plaintiff and the members of the class judgment for their damages and statutory civil penalties as set forth herein. Plaintiff further prays that these damages be multiplied pursuant to the provisions of the law.

4. Award punitive damages in an amount necessary to punish Check Alert Systems, Inc. for its conduct.

5. Award Plaintiff and the class attorneys' fees and costs of court.

6. Award pre-judgment and post-judgment interest at the maximum rate permitted at law or at equity.

7. Grant Plaintiff and the class all other relief to which they may show themselves and the class entitled.

Respectfully Submitted,
**Law Office of Stephen Gardner, PC**

Stephen Gardner
Federal Id No. 16111
Texas Bar No. 07660600
1845 Woodall Rodgers Freeway, Ste. 1750
Dallas, Texas 75201
Telephone:   (214) 954-0663
Telecopier:  (214) 871-8957

John Ventura
Federal Id No. 1646
Texas State Bar Number 20545700
Conrad Bodden
Federal Id No. 21003
Texas Bar No. 00796220

Daniel Whitworth
Federal Id No. 23119
Texas Bar No. 24008275
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas 78521
Telephone:     (956) 546-9398
Telecopier:    (956) 542-1478
**Counsel for Plaintiffs and the Class**