IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM FOSTER,<br>Individually and on behalf of all<br>others similarly situated, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. B-02-196 |
| vs. | § § § | |
| CHECK ALERT SYSTEMS, INC. | § § | |
| Defendant | § | |

## CHECK ALERT SYSTEMS, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Check Alert Systems, Inc. (the "Defendant") responds to plaintiff's original complaint (the "Complaint") as follows:

### INTRODUCTION

1.  The averments stated in paragraph 1 of the Complaint set forth a legal conclusion and do not warrant a response. Defendant denies the claims asserted against them herein.

2.  The averments stated in paragraph 2 of the Complaint set forth legal conclusions and do not warrant a response. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.  The averments stated in paragraph 3 of the Complaint set forth a legal conclusion and do not warrant a response.

4. The averments stated in paragraph 4 of the Complaint set forth a legal conclusion and do not warrant a response. Defendant admits that it sent a debt collection letter to William Foster.

## PARTIES

5. Defendant is without sufficient knowledge or information to admit or deny the averments stated in the first sentence of Paragraph 5 of the Complaint. The second sentence of paragraph 5 sets forth a legal conclusion and does not warrant a response.

6. Defendant admits the first sentence of paragraph 6 of the Complaint. The second sentence of paragraph 6 sets forth a legal conclusion and does not warrant a response.

## CLASS ALLEGATIONS

7. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 7 of the Complaint. Defendant denies averment that a class action is appropriate and all requirements for Federal Rule of Civil Procedure 23 have been met.

8. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 8 of the Complaint. Defendant denies the averment that a class action is appropriate and all requirements for Federal Rule of Civil Procedure 23 have been met.

9. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 9 of the Complaint. Defendant denies the averment that a class action is appropriate and all requirements for Federal Rule of Civil Procedure 23 have been met.

10. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 10 of the Complaint. Defendant denies the averment that a class action is appropriate and all requirements for Federal Rule of Civil Procedure 23 have been met.

11. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 11 of the Complaint. Defendant denies the averment that a class action is appropriate and all requirements for Federal Rule of Civil Procedure 23 have been met.

### ACTS OF AGENTS

12. The averments stated in paragraph 12 of the Complaint set forth legal conclusions and do not warrant a response.

### CONDITIONS PRECEDENT

13. Defendant is without sufficient knowledge or information to admit or deny the averments stated in paragraph 13 of the Complaint.

### FACTS

14. Defendant admits that it sent collection letter(s) to William Foster. Defendant denies the remaining averments in paragraph 14.

### FIRST CAUSE OF ACTION
### REQUEST FOR DECLARATORY RELIEF

15. Defendant denies the averments stated in paragraph 15 of the Complaint.

### SECOND CAUSE OF ACTION
### REQUEST FOR RELIEF PURSUANT TO FDCPA FOR CLASS 1

16. Defendant denies the averments stated in paragraph 16 of the Complaint.

17. Defendant denies the averments stated in paragraph 17 of the Complaint.

18. Defendant denies the averments stated in paragraph 18 of the Complaint.

19. Defendant denies the averments stated in paragraph 19 of the Complaint.

### THIRD CAUSE OF ACTION
### REQUEST RELIEF PURSUANT TO THE TEXAS DEBT COLLECTION ACT AND TEXAS DECEPTIVE TRADE PRACTICES ACT FOR CLASS 2

20. Defendant denies the averments stated in paragraph 20 of the Complaint.

21. Defendant admits that it did not maintain a surety bond within the state of Texas; however, Defendant was in substantial compliance with the Texas Finance Code. Defendant denies the averments in paragraph 21 to the extent that it suggests Defendant has any liability in this matter or violated a provision of the Texas Finance Code.

22. Defendant denies the averments stated in paragraph 22 of the Complaint.

23. Defendant denies the averments stated in paragraph 23 of the Complaint.

## DEMAND FOR JURY TRIAL

24. Defendant also requests a trial by jury.

## PRAYER

25. Defendant denies the averments stated in the Prayer.

26. Any averment not admitted is denied.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

27. With respect to the exemplary and/or punitive damage claims alleged and set forth in plaintiffs' pleadings, Defendant affirmatively pleads the limitation on the recovery of exemplary damages prescribed and set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

28. The Complaint fails to state a claim upon which relief can be granted.

29. The Complaint fails to allege any facts which, if proved, would entitle plaintiff to relief under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.*

30. The Complaint fails to allege any facts which, if proved, would entitle plaintiff to relief under the Texas Debt Collection Act Section 392.001 *et seq.*

31. Plaintiff's exemplary and/or punitive damage claims are preempted by 15 U.S.C. Section 1692(a)(2)(A).

32. There is no causal connection between Plaintiff's alleged damages and the allegations

relating to Defendant's failure to maintain a surety bond in Texas.

33.  Defendant affirmatively pleads that plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Defendant.

34.  Defendant denies that it committed any act or omission constituting an actionable violation of the Fair Debt Collection Practices Act or Texas Debt Collection Act; however, in the event Defendant is mistaken, Defendant invokes the bona fide error defense to any such claim.

35.  At all times, Defendant acted in good faith and without malice or intent to injure plaintiff.

36.  Plaintiff has failed to mitigate his damages by failing to dispute the debt with Defendant.

37.  Defendant reserves the right to assert additional affirmative defenses as more information becomes available.

38.  Defendant asserts that plaintiff's claim is brought in either bad faith or for purposes of harassment, and requests reasonable attorneys' fees reasonably related to the work performed in the defense of this matter and costs pursuant to Texas Debt Collection Act Section 392.403(c) and the Fair Debt Collection Practices Act Section 1692k(a)(3).

WHEREFORE, Defendant, Check Alert Systems, Inc. requests a take-nothing judgment, for all costs, attorney's fees and for all other relief to which they are justly entitled.

Respectfully submitted,

DAW & RAY
A Professional Corporation

By: _____
KEITH WIER
State Bar No. 21436100
5718 Westheimer, Suite 1750
Houston, Texas 77057

(713) 266-3121  
(713) 266-3188 Facsimile

ATTORNEYS FOR DEFENDANT,  
CHECK ALERT SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of November, 2002, a true and correct copy of the above was mailed and/or faxed in accordance with the Federal Rules of Civil Procedure.

Stephen Gardner  
Law Office of Stephen Gardner, PC  
1845 Woodall Rodgers Freeway, Ste. 1750  
Dallas, Texas 75201

John Ventura  
Conrad Bodden  
Daniel Whitworth  
Law Offices of John Ventura, P.C.  
62 E. Price Road  
Brownsville, Texas 78521

_____  
Keith Wier