```
                                              United States District Court
                                                Southern District of Texas
                                                         FILED
    IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF TEXAS        JAN 1 7 2003
              BROWNSVILLE DIVISION
                                                  Michael N. Milby
                                                   Clerk of Court
```

| | | |
|---|---|---|
| **William Foster,** | § | |
| Individually and on behalf of all | § | |
| others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action B-02-196 |
| | § | |
| **Check Alert Systems, Inc.** | § | Jury Demanded |
| | § | |
| Defendant. | § | |

### Joint Discovery/Case Management Plan Under Rule 26(f)

**To the Honorable Judge of the Court:**

Plaintiff William Foster ("Plaintiff") and Defendant Check Alert Systems, Inc. ("Defendant"), as directed by the October 11, 2002 Order Setting Conference, met by telephone and propose this joint case management plan. The parties request that the Court reset the case conference on January 31, 2003 to 11:30 a.m. or later that same day, to allow out-of-town counsel to arrive that morning.

**1.   State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The parties met by telephone on January 16, 2003. Stephen Gardner for Plaintiff and Keith Wier for Defendant participated in the meeting.

**2.   List the cases related to this one that are pending in any state or federal court with the case number
and court.**

None.

**3.   Specify the allegation of federal jurisdiction.**

15 U.S.C. Section 1692k(d); 28 U.S.C. Section 1331; 28 U.S.C. Section 1367(a).

Joint Discovery/Case Management Plan Under Rule 26(f), Page 1

4.  **Name the parties who disagree and the reasons.**

    None.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None at this time.

6.  **List anticipated interventions.**

    None at this time.

7.  **Describe class-action issues.**

    Plaintiff seeks certification pursuant to Rule 23(b)(3) of a class action for both damages and injunctive relief against defendant for its alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA") and the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 ("Texas Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks class status for two classes: (1) Class 1—all consumers in the United States who have been the victims of the illegal acts of Defendant that violated the FDCPA, beginning one year prior to the date this Complaint was filed, and (2) Class 2—all consumers residing in Texas who have been victims of the illegal acts of Defendant that violated the Texas Act, beginning two years prior to the date this Complaint was filed. Class 2 consumers who were the victims of Defendant's acts beginning one year prior to the date this Complaint was filed are also members of Class 1.

    Because the motion for class certification has not yet been filed, defendant cannot specify disputed issues as to class certification.

    The parties propose that the deadline for plaintiff to file the motion for class certification be September 1, 2003. The parties further propose that defendant's response to the motion be due 60 days after the motion was filed and that plaintiff's reply be due 60 days after the response was

**Joint Discovery/Case Management Plan Under Rule 26(f), Page2**

filed. The reason for this extended period of times is to allow additional discovery relating to the response and to the reply.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures have not yet been made, but the parties have agreed to complete the disclosures by February 18, 2003.

**9. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

The parties propose a bifurcated procedure on this case. Specifically, the parties propose that the Court set deadlines at this time through the date of submission of plaintiff's motion for class certification and that trial deadlines, including discovery on the merits of the case, be deferred until after the Court rules on plaintiff's motion for class certification.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to defendant by April 1, 2003.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to plaintiff by May 1, 2003.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the designation of defendant's corporate representative by June 2, 2003, provided he has full and timely responses to written discovery.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the designation of plaintiff by July 7, 2003, provided it has full and timely responses to written discovery.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will be able to designate experts and provide reports by August 1, 2003. Defendant will be able to designate experts and provide reports by September 8, 2003.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Because neither party has designated experts, plaintiff does not at this time anticipate taking expert depositions.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Because neither party has designated experts, defendant does not at this time anticipate taking expert depositions.

10.   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

11.   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12.   **State the date the planned discovery can reasonably be completed.**

December 31, 2003, for all discovery related to class certification. See response to 9.A.

13.   **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have discussed the possibility of a class-wide settlement, but have no specific results to report at this time. Plaintiff will not discuss an individual-only resolution.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have agreed to continue settlement discussions.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Because this is a class action and because the parties and their counsel do not anticipate any non-substantive obstacles to settlement, the parties do not believe that any form of alternative dispute resolution will be helpful at this stage.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    Plaintiff made timely demand for jury at the time the Complaint was filed.

18. Specify the number of hours it will take to present the evidence in this case.

    For a hearing, if any, on the motion for class certification, the parties estimate 6 hours. Accurate estimate of the time to present evidence on the merits is impossible prior to a ruling on class certification, but the parties generally estimate 20 hours.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

**Joint Discovery/Case Management Plan Under Rule 26(f), Page5**

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**For Plaintiff and the class:**

| | |
|---|---|
| John Ventura<br>Federal ID No. 1646<br>Texas State Bar Number 20545700<br>Law Offices of John Ventura, P.C.<br>62 E. Price Road<br>Brownsville, Texas 78521<br>Telephone:   956/546-9398<br>Telecopier:   956/542-1478 | Stephen Gardner<br>Federal ID No. 16111<br>Texas State Bar Number 07660600<br>Law Office of Stephen Gardner, PC<br>1845 Woodall Rodgers Freeway, Suite 1750<br>Dallas, Texas 75201<br>Telephone:   214/954-0663<br>Telecopier:   214/871-8957 |

**For Defendant:**

Keith Wier
Federal ID No. 7930
Texas State Bar No. 21436100
5718 Westheimer, Suite 1750
Houston, Texas 77057
Telephone:   713/266-3121
Telecopier:   713/266-3188

Respectfully submitted,

For Plaintiff and the Class:

*/s/ John Ventura*
John Ventura

For Defendant:

*/s/ Keith Wier by permission /s/ John Ventura*
Keith Wier

**Joint Discovery/Case Management Plan Under Rule 26(f), Page6**