IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM FOSTER, <br> Individually and on behalf of all <br> others similarly situated, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. B-02-196 |
| vs. | § § § | |
| CHECK ALERT SYSTEMS, INC. | § § | |
| Defendant | § | JURY DEMANDED |

**CHECK ALERT SYSTEMS, INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant Check Alert Systems, Inc. ("Check Alert") respectfully requests that this Court enter an order denying Plaintiff's Motion for Class Certification and in support of its Response states as follows:

1. Defendant Check Alert has admitted to sending the collection letter in the form of *Exhibit A* to the Plaintiff, but denies that such letter violates the FDCPA and or TDCPA for any of the reasons listed in Plaintiff's Motion for Class Certification. Further, the failure to maintain a surety bond, as required by the Texas Finance Code, does not automatically establish liability.

2. Plaintiff has asserted that this class action is proper pursuant to Rule 23 (a) of the Federal Rules of Civil Procedure. The requirements of Rule 23 are as follows: (1) the class is not so numerous that joinder of all members is impracticable, (2) there are a lack of questions of law or fact common to the class, (3) the claims or defenses of the representative parties are atypical of the

claims or defenses of the class, and (4) the representative will not fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). Defendant denies that all requirements of Rule 23 have been met by the Plaintiff.

3. The numerosity requirement has not been satisfied because: (1) there is no identifiable class; and (2) there is not evidence that the class is not so numerous that joinder is impracticable because the class is too speculative and indefinite.

4. The commonality requirement has not been satisfied because there are not questions or law or fact common to all class members.

5. The typicality requirement has not been satisfied because the claims and damages of the representative parties are not typical of the claims. The claim are atypical because: (1) Plaintiff is judicially estopped from asserting his claims against Check Alert and lacks individual standing to raise a legal claim; and (2) Plaintiff and the putative class members do not share the same injuries and/or same factual scenarios.

6. The adequacy requirement requirement has not been satisfied because: (1) Plaintiff lacks the necessary personal qualities required of class representatives; (2) Plaintiff lacks a sufficient interest in the outcome to ensure vigorous advocacy; and (3) Plaintiff has antagonistic or conflicting claims with other class members.

7. The representatives lack the necessary information regarding potential class members to support his theories regarding numerosity, typicality and commonality, as required by Fed. R. Civ. P. Rule 23(a).

8. Even assuming Plaintiff could met the requirements of Rule 23(a), Plaintiff has filed to meet the requirements of Rule 23(b)(2) or(3).

9. Class certification under Rule 26 (b)(2) is inappropriate because the final relief sought by Plaintiff and the putative class member relates exclusively to money damages.

10. Class certification under Rule 23(b)(3) is inappropriate because Plaintiff has not met its requirements of Rule 23(b)(3). In this case, class action is not superior to other available methods to resolve this controversy.

11. Support for Defendant's arguments is found in the accompanying Brief in Support Its Response to Plaintiff's Motion for Class Certification.

WHEREFORE, Defendant respectfully requests this Court to deny Plaintiff's Motion for Class Certification.

                    Respectfully submitted,
                    DAW & RAY, P.C.

                    By: *Tina Brumbelow*
                    Keith Wier; TBN: 21436100
                    Tina Brumbelow; TBN: 24031980
                    Coastal Banc Plaza
                    5718 Westheimer, Suite 1750
                    Houston, Texas 77057
                    713/266-3121

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record and/or parties pursuant to the Federal Rules of Civil Procedure on this the 15th day of March, 2004.

Stephen Gardner, Esq.; SBN #07660600
Law Office of Stephen Gardner, PC
6060 North Central Expressway, Suite 560
Dallas, TX 75206
(214) 800-2830
(214) 800-2834 Facsimile

John Ventura; SBN #20545700
Conrad Bodden; SBN #00796220
Daniel Whitworth; SBN #24008275
Richard A. Mlynek
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas 78521

*Tina Brumbelow*
Tina Brumbelow