IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **William Foster,**<br>Individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**Check Alert Systems, Inc.,**<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action B-02-196<br><br>Jury Demanded |

**Supplemental Brief in Support of Motion for Class Certification**

William Foster ("Foster" or "Plaintiff") files this supplemental brief, as directed by the Court at the hearing on Foster's motion to certify this case as a class action against Check Alert Systems, Inc. ("Check Alert" or "Defendant"). On May 24, 2004, the Court directed Foster to address three issues: (1) potential for counterclaims by Defendant, (2) damages claimed by Foster individually and for the class, and (3) status of bankruptcy court proceedings.

I.

**Potential for Counterclaims by Defendant**

Counsel for Defendant raised the issue of potential counterclaims for the first time at oral argument. Defendant has not to date asserted any counterclaim against Plaintiff or any other class members.

There are several variables that affect the Court's consideration of this argument: (1) Whether Defendant owns the alleged debt by plaintiff or other class members, or the debt belongs to the original creditor or another party; (2) Whether any such counterclaim is within the Court's jurisdiction; and (3) Whether any such counterclaim is timely.

**Supplemental Brief in Support of Motion for Class Certification, page 1**

**Whether Defendant owns the debt.** As Judge Hittner has observed, "The mere prospect jma jof speculative counterclaims does not defeat certification." *O'Sullivan v. Countrywide Home Loans, Inc.*, 202 F.R.D. 504 (S.D. Tex. 2001); *rev'd on other gnds., O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732 (5th Cir. 2003). The Court has instructed Plaintiff to assume that Defendant owns the debt. If not, a counterclaim is impossible and further inquiry is not needed. In the event that Defendant proves that it owns the debt owed by Plaintiff or a class member, the next question is whether the Court has jurisdiction to consider the counterclaim.

**Whether any counterclaim is within the Court's jurisdiction.** A counterclaim is "compulsory" if it "arises out of the transaction or occurrence" that is the subject of Plaintiff's claims. F. R. Civ. P. 13(a). In this case, Defendant's demand letter sought to collect on a $34.62 check Plaintiff wrote to a supermarket. After adding on a "service charge" that was more than the amount of the check, Defendant demanded a total of $69.62 from Plaintiff. Only at the hearing on certification did Defendant raise the possibility that it might be able to bring a counterclaim against Plaintiff or, possibly, against other class members. "All reported decisions on the issue have found that a defendant's counterclaims for payment of an overdue debt are distinct from, and not logically related to, a plaintiff's FDCPA claim based on improper debt collection practices." *Berrios v. Sprint Corp.*, 1998 WL 199842 *9 (E.D.N.Y. 1998).[1] Therefore, any such counterclaim is "permissive" and must satisfy the jurisdictional requirements of the Court, including the amount in controversy requirement. Defendant's $69.62 claim, if it exists at all, falls

---

[1] The court cited *Peterson v. United Accounts Inc.*, 638 F.2d 1134, 1137 (8th Cir.1981); *Blakemore v. Pekay*, 895 F.Supp. 972, 983-84 (N.D.Ill.1995); *Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D.Fla.1995); *Hart v. Clayton-Parker & Assoc.*, 869 F.Supp. 774, 777-78 (D.Ariz.1994); *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 49-50 (W.D.N.Y.1987); *Lawson v. Management Adjustment Bureau Inc.*, 1997 WL 283027, at *6 (N.D.Ill. May 15, 1997); *Ayres v. National Credit Management Corp.*, 1991 WL 66845, at *1-4 (E.D.Pa. April 25, 1991); *and Gutshall v. Bailey & Assoc.*, 1991 WL 166963, at *2 (N.D.Ill. Feb.11, 1991).

far short of $75,000.00 amount in controversy requirement. The Court therefore does not have jurisdiction over a counterclaim, even if Defendant in fact owns the debt.

**Whether any such counterclaim is timely**. Assuming *arguendo* that Defendant owns the debt and that a counterclaim is within the jurisdiction of this Court, Rule 13 requires any counterclaim to be stated in the party's pleading. Defendant has not stated a counterclaim, either in its answer filed in November 2002, in its response in opposition to class certification, or anywhere else. To amend at this stage to set up a counterclaim, Defendant must show "oversight, inadvertence, or excusable neglect, or that justice so requires. F. R. Civ. P. 13(f). Thus, at least as of the time this supplemental brief is filed, Defendant has wholly failed to show any entitlement to raise any counterclaim at this stage.

## II.

### Damages Claimed by Foster Individually and for the Class

As stated in the Complaint at ¶¶ 17-19 & 22-23 and as confirmed by his counsel at the certification hearing, Plaintiff does not seek any more relief individually than he seeks for other members of the class. Thus, there is no conflict between the damages he seeks for himself and the damages he seeks for the class.

## III.

### Status of Bankruptcy Court Proceedings

On June 2, 2004, the bankruptcy court heard Plaintiff's motion to reopen his bankruptcy case to permit him to list his individual claims in this case as a formal part of his bankruptcy assets. The bankruptcy trustee appeared and told the bankruptcy court—as he advised the Court on May 24—that he did not oppose the motion. The only opposition was made by counsel for Defendant, which is not a party to the bankruptcy case. On June 4, the bankruptcy court issued an order granting the motion to reopen the Ch. 7 case. The order is attached herewith as Exhibit A.

**Supplemental Brief in Support of Motion for Class Certification, page 3**

The bankruptcy court directly considered Defendant's argument that Foster should be judicially estopped from raising his claims in this case. It said, "The facts presented in this case do not suggest a scenario where a dishonest debtor intentionally hides a cause of action to avoid distributing recovery thereon to creditors. Had that been Debtor's intention, he would not have immediately informed the Trustee of the cause of action's existence. Moreover, the time span involved indicates that Debtor and his attorney made every attempt to quickly notify the Trustee once the asset was discovered. The fact that the case was closed only 98 days after filing, while a testament to the efficiency of the bankruptcy system in the Southern District of Texas, did not afford much time for Debtor's attorneys to make a decision and therefore hardly smacks of intentional manipulation of the system." Slip op. at 4.

## Prayer

Plaintiff respectfully requests that the Court certify this action as a class action. If the Court concludes that there are any factual issues affecting certification, Plaintiff renews his request for an evidentiary hearing.

Respectfully submitted,

**John Ventura**
Federal ID No. 1646
State Bar No. 20545700
**Moises M. Salas, Jr.**
Federal ID No. 17506
State Bar No. 00786217
**Law Offices of John Ventura, PC**
62 East Price Road
Brownsville, Texas 78521
Telephone: (956) 546-9398
Telecopier: (956) 542-1478

**Stephen Gardner**
Federal ID No. 16111
State Bar No. 07660600
**Law Office of Stephen Gardner, PC**
6060 North Central Expy., Ste. 560
Dallas, Texas 75206
Telephone: (214) 800-2830
Telecopier: (214) 800-2834

Counsel for Plaintiff and the Class

By: /s/ John Ventura
John Ventura

**Supplemental Brief in Support of Motion for Class Certification, page 4**

## Certificate of Service

On June ___, 2004, a true and correct copy of the foregoing Supplemental Brief in Support of Motion for Class Certification was sent by United States Mail, in compliance with the Rules of Civil Procedure, to:

Keith Wier/Tina Brumbelow
Day & Ray
5718 Westheimer, Ste. 1750
Houston Texas 77057

*[signature]*
John Ventura

**Supplemental Brief in Support of Motion for Class Certification, page 5**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| WILLIAM FOSTER | § | CASE NO. 02-10393-B-7 |
| | § | |
| | § | |
| Debtor | § | |

### ORDER GRANTING MOTION TO REOPEN CHAPTER 7 CASE

On this day came on for consideration the Motion to Reopen Chapter 7 Case filed by the Debtor, William Foster ("Debtor"). The Court, having heard the evidence and arguments of counsel, and upon review of the pleadings on file herein, finds that the Motion should be granted.

### BACKGROUND

Debtor filed his voluntary chapter 7 bankruptcy petition on June 5, 2002. William C. Romo was appointed as the Chapter 7 Trustee (the "Trustee"). Debtor received his chapter 7 discharge on September 12, 2002, and the case was closed on the same date as a no asset case.

Later investigation of a potential cause of action by Debtor's attorney materialized into an actual cause of action filed as a class action. Debtor's cause of action against Check Alert Systems, Inc. ("Check Alert") arises from a collection letter sent by Check Alert to Debtor attempting to collect on a check written on insufficient funds. The collection letter was received by Debtor and delivered to Debtor's attorney prior to the date the petition was filed. The collection letter was delivered to Debtor's attorney as part of all the paperwork regarding claims against the Debtor. Although Debtor's attorney had possession of the collection letter prior to

1


EXHIBIT A

filing the bankruptcy petition, he did not begin reviewing the letter as a potential cause of action until after the bankruptcy was filed. Debtor's attorney forwarded the letter to another attorney on August 7, 2002, for his opinion on the legal ramifications of the collection letter. Review of the letter resulted in the decision to file a class action lawsuit against Check Alert.[1] Debtor was unaware prior to the attorneys' review of the possibility that the collection letter violated state and federal debt collection statutes.

On September 30, 2002, Debtor's attorney contacted the Trustee by letter and advised him that the Debtor had a pre-petition cause of action against Check Alert. The notice to the Trustee included proposed Amended Schedule B and C to the Debtor's bankruptcy schedules and requested the Trustee's advice on whether a motion to reopen the closed case was needed to amend the schedules. The amended schedules listed the cause of action against Check Alert as an asset and claimed it as exempt property. The Trustee did not respond and on October 14, 2002, Debtor's attorney filed the Amended Schedules B and C, despite the fact that the case was already closed. Debtor did not file a motion to reopen at that time. Neither the Trustee nor any party objected to the actions taken by the Debtor in October of 2002.

The class action was filed against Check Alert and the issue of Debtor's failure to schedule the lawsuit as an asset prior to entry of his discharge and closing of the bankruptcy case arose in the context of Check Alert's judicial estoppel argument. Debtor then filed his Motion to Reopen on April 13, 2004, to which Check Alert objected. The Court conducted a hearing on

---

[1] Debtor's lawyer stated that he had to perform the required due diligence before placing the cause of action on the schedules. The due diligence required under Rule 11 which an attorney must perform prior to filing a lawsuit is a stricter standard than that required for a determination of what to list as an asset in bankruptcy schedules. The Bankruptcy Code contemplates "over-disclosure" in that Debtors should err on the side of disclosing any potential asset. Here, however, Debtor's attorney did not even consider the legal implications of the collection letter until after the petition and schedules were filed.

2

June 2, 2004, and took the matter under advisement.

## DISCUSSION

The Bankruptcy Code provides for the reopening of a closed case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). Debtor asks the court to reopen the case for cause. "A bankruptcy 'court's decision to reopen is entirely within its sound discretion, based upon the circumstances of each case." *In re Castillo*, 297 F.2d 940 (9th Cir. 2002); citing, *In re Elias*, 215 B.R. 600, 604 (B.A.P. 9th Cir. 1997); *In re Rosinski*, 759 F.2d 539, 540-41 (6th Cir. 1985); *Citizens Bank & Trust Co. v. Case*, 937 F.2d 1014, 1018 (5th Cir. 1991); *In re Rediker*, 25 B.R. 71, 73 (Bankr. MD.Tenn. 1982).

Check Alert opposes reopening the case because it alleges in the class action that Debtor/Plaintiff is judicially estopped from bringing his cause of action due to his failure to disclose the cause of action in his bankruptcy. The principal of judicial estoppel in the context of listing a bankruptcy asset was discussed in *Thompson v. Continental Airlines*, 18 S.W.3d 701 (Tex.App.–San Antonio 2000), where the court held as follows:

> Judicial estoppel is a common law doctrine that applies when a party tries to contradict his or her own sworn statement made in a prior judicial proceeding. *See, In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999); *Stewart v. Hardie*, 978 S.W.2d 203, 208 (Tex.App–Fort Worth 1998, pet. denied). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). The doctrine was designed to prevent "cold manipulation and not an unthinking or confused blunder" and is applied when a party uses intentional self contradiction as a means of obtaining an unfair advantage in a legal proceeding. *See, In re Coastal Plains*, 179 F.3d at 206; *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir. 1973).
>
> The Fifth Circuit has recognized some limitations on the application of the doctrine. *See, In re Coastal Plains*, 179 F.3d at 206-07. It may be applied only when the

3

> position of the party to be estopped is clearly inconsistent with its previous one, the court must have accepted the prior position and the party must have acted intentionally, not inadvertently... In considering judicial estoppel for bankruptcy cases, the debtor's failure to disclose is "inadvertent" only when the debtor lacks knowledge of the undisclosed claims or has no motive for their concealment.

-- 18 S.W.3d at 703-04.

Here, Debtor did not know at the time he filed his bankruptcy petition that he had a cause of action against Check Alert. Until Debtor's attorneys reviewed the collection letter, Debtor did not realize it was actionable. The facts presented in this case do not suggest a scenario where a dishonest debtor intentionally hides a cause of action to avoid distributing recovery thereon to creditors. Had that been Debtor's intention, he would not have immediately informed the Trustee of the cause of action's existence. Moreover, the time span involved indicates that Debtor and his attorney made every attempt to quickly notify the Trustee once the asset was discovered. The fact that the case was closed only 98 days after filing, while a testament to the efficiency of the bankruptcy system in the Southern District of Texas, did not afford much time for Debtor's attorneys to make a decision and therefore hardly smacks of intentional manipulation of the system.

## CONCLUSION

For the reasons stated above, the court finds that the Motion to Reopen should be granted and that the Debtor should be allowed to reopen his bankruptcy case for the purpose of recognized the amended schedules filed on October 14, 2002.

It is therefore ORDERED that the Motion to Reopen Chapter 7 Case is hereby GRANTED.

At Corpus Christi, Texas this 4th day of June, 2004.

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge

5